UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CARLINA COUNTRYMAN and DEAN
COUNTRYMAN, as Parents and Legal Guardians
of ALEXANDER COUNTRYMAN, a Minor Child,

         Plaintiff,
  - vs -             5:02-CV-1449

WILLIAM FARBER, both Individually, and
as the Chief of Police of the Village of
St. Johnsville; VILLAGE OF ST. JOHNSVILLE;
and ST. JOHNSVILLE POLICE DEPARTMENT,

         Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES            OF COUNSEL

ELMER R. KEACH, III, ESQ.
Attorney for Plaintiffs
1040 Riverfront Center
PO Box 70
Amsterdam, NY 120100

MURPHY, BURNS, BARBER & MURPHY, LLP  THOMAS K. MURPHY, ESQ.
Attorneys for Defendants
Executive Woods
4 Atrium Drive
Albany, NY 12205

DAVID N. HURD
United States District Judge

# O R D E R

## I. INTRODUCTION

  On July 27, 2009, the United States Court of Appeals for the Second Circuit entered a summary order affirming the Judgment entered on April 6, 2007, in favor of the plaintiff and against the defendants William Farber as the Chief of Police, and the Village of

St. Johnsville. The Mandate was issued on August 17, 2009, and was filed in the Northern District of New York on August 18, 2009. (Docket No. 114).

Plaintiffs have filed applications for attorney's fees and costs pursuant to 42 U.S.C. § 1988. (Docket Nos. 97, 98, 99, and 112). Defendants have opposed. (Docket Nos. 100 and 115). The applications were taken on submission without oral argument.

## II.  STANDARD

Costs other than attorney's fees "should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). Pursuant to 42 U.S.C. § 1988, attorney's fees may be awarded to a prevailing party in, inter alia, civil rights litigation as part of the costs imposed.

Attorney's fees are awarded by determining a presumptively reasonable fee, reached by multiplying a reasonable hourly rate by the number of reasonably expended hours. See Simmons v. N.Y. City Transit Auth., __ F.3d __, No. 08-4079-cv(L), 2009 WL 2357703, at *3 (2d Cir. Aug. 3. 2009). The reasonable hourly rate should be "'what a reasonable, paying client would be willing to pay' given that such a party wishes 'to spend the minimum necessary to litigate the case effectively.'" Id. (quoting Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 493 F3d. 110, 112, 118 (2d Cir. 2007), amended on other grounds by 522 F.3d 182 (2d Cir. 2008)). This Circuit's "forum rule" generally requires use of "the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee." Id. (internal quotations omitted); Picinich v. United Parcel Serv., No. 5:01-CV-01868, 2008 WL 1766746, at *2 (N.D.N.Y. Apr. 14, 2008) (McCurn, Sr. J.). Only "in the unusual case" will a prevailing plaintiff be able to demonstrate that selection of counsel outside the district at a higher rate was "reasonable under the circumstances." Simmons, 2009 WL 2357703, at *3 (internal quotations omitted).

The prevailing hourly rates in this district, which are what a reasonable, paying client would be willing to pay, are "$210 per hour for an experienced attorney, $150 per hour for an attorney with more than four years experience, $120 per hour for an attorney with less than four years experience, and $80 per hour for paralegals." Picinich, 2008 WL 1766746, at *2. Additionally, it is customary in this district to allow only one-half the hourly rate for travel time.

### III. DISCUSSION

Plaintiffs seek attorney's fees of $198,357.37 and costs of $8,062.43[1] for a total of $206,419.80. Defendants oppose as excessive hours, unreasonable hourly rates, and unnecessary costs.

Upon review of the submissions and applying the above standard, the plaintiffs are entitled to reasonable attorney's fees and costs in the total amount of $139,605.84 ($132,451.42 attorney's fees; and $7,154.42 costs).

Accordingly, it is

ORDERED, that

1. Plaintiffs are awarded attorneys fees and costs in the total amount of $139,605.84;

2. The Clerk of the Court is directed to enter a supplemental judgment in favor of plaintiffs and against the defendants William Farber as Chief of Police and Village of St. Johnsville in the amount of $139,605.84; and

---

[1] This is less the $455.00 and $965.87 appeal costs submitted to the Second Circuit.

3. The stay on all enforcement proceedings issued on May 10, 2007 (Docket No. 96) is VACATED.

IT IS SO ORDERED.

Dated: August 28, 2009
        Utica, New York.

_____
United States District Judge